IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| June Tiramani, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 10351 |
| Nationwide Credit, Inc., a Georgia, corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, June Tiramani, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, June Tiramani ("Tiramani"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Nationwide Credit, Inc. ("Nationwide"), is a Georgia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Nationwide operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant Nationwide was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Nationwide conducts business in Illinois, and, in fact, is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit A. In fact, Nationwide acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Tiramani is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Nationwide began trying to collect a delinquent consumer debt from Ms. Tiramani, by calling her home phone, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Nationwide's collection actions.

7. Accordingly, on December 7, 2012, one of Ms. Tiramani's attorneys at LASPD informed Nationwide, in writing, that Ms. Tiramani was represented by counsel, and directed Nationwide to cease contacting her, and to cease all further collection activities because Ms. Tiramani was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as

Exhibit B.

8. Nonetheless, Defendant Nationwide repeatedly called Ms. Tiramani, including, but not limited to, telephone calls on December 17, 2012 and December 18, 2012, from telephone numbers 877-779-3471 and 877-779-3472, attempting to collect the debt.

9. Accordingly, on December 18, 2012, one of Ms. Tiramani's LASPD attorneys had to write to Defendant Nationwide again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Undeterred, Defendant Nationwide kept calling Ms. Tiramani: seven times on December 20, 2012 (8:59 a.m., 10:40 a.m., 12:15 p.m., 12:59 p.m., 1:03 p.m. (2times), and 4:17 p.m.); twice on December 21, 2012 (9:18 a.m. and 5:21 a.m.); once on December 22, 2012 (8:59 a.m.); and twice on December 24, 2012 (8:31 a.m., and 11:36 a.m.). All of these calls were from the one of the same three phone numbers: 877-779-3471, 877-779-3472 and 877-653-7087.

11. Defendant Nationwide's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Nationwide's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letters from Ms. Tiramani's, agent/attorney, LASPD, told Defendant Nationwide to cease communications and cease collections (Exhibits B and C). By continuing to communicate regarding payment of a debt, Defendant Nationwide violated § 1692c(c) of the FDCPA.

16. Defendant Nationwide's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Nationwide knew that Ms. Tiramani was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits B and C), that she was represented by counsel, and had directed Defendant Nationwide to cease directly communicating with her. By directly calling Ms. Tiramani, despite being advised that she was represented by counsel,

4

Defendant Nationwide violated § 1692c(a)(2) of the FDCPA.

20. Defendant Nationwide's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, June Tiramani, prays that this Court:

1. Find that Defendant Nationwide's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Tiramani, and against Defendant Nationwide, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Tiramani, demands trial by jury.

June Tiramani,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 27, 2012

5

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com